IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Harrison,<br><br>    Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. 6:22-cv-02483-TLW<br><br><br>**ORDER** |

Plaintiff Marshall Harrison brings this action pursuant to § 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), which denied his claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. This matter is before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Kevin F. McDonald. ECF No. 16. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. *See id.* Plaintiff filed objections to the Report, ECF No. 17, to which the Commissioner has replied. ECF No. 18. This matter is now ripe for disposition.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances, which would impermissibly substitute the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal district court's reviewing role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted . . . [because] [t]he statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Accordingly, the Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.

> However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## THE REPORT

Plaintiff's claim for disability benefits was first reviewed by an administrative law judge ("ALJ"). The ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Act. This conclusion became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. Thereafter, Plaintiff filed this action seeking judicial review of the Commissioner's decision. ECF No. 1. In a thorough, twenty-six-page Report, the Magistrate Judge reviewed the entire record in significant detail and concluded that the ALJ's decision was supported by substantial evidence. ECF No. 16.

## PLAINTIFF'S OBJECTIONS AND THE GOVERNMENT'S RESPONSE

Plaintiff objects to the Report, asserting that it erred in concluding that the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence. ECF No. 17 Specifically, Plaintiff argues that the ALJ's determination was not supported by substantial evidence because (1) the ALJ's failed to "properly account for time off task caused by side effects from medication," (2) the ALJ's inappropriately relied on Plaintiff's daily activities in

finding that his impairments were not as severe as alleged, (3) the ALJ failed to consider the alleged severity of Plaintiff's back pain, and (4) the ALJ improperly evaluated the opinion of Plaintiff's physician, Dr. Bolt. *Id.*

In response, the Government first asserts Plaintiff's objections should be denied because they merely repeat identical arguments made in Plaintiff's initial brief. ECF No. 18. While that may be true, it is appropriate that those issues be considered by the Magistrate Judge and now considered by this Court. Regarding Plaintiff's first objection, the Government asserts that the Magistrate Judge reasonably concluded that the ALJ's determination was supported by substantial evidence. *Id.* at 2. Specifically, the Government argues:

> The magistrate judge observed that Plaintiff's treatment records contained no reports indicating he had side effects from his medication, including no subjective complaints or notations of cognitive difficulties by Plaintiff, no supporting objective findings in the records of Plaintiff's treating physician, and no indication Plaintiff's treating physician instructed Plaintiff to cease certain activities because of side effects from his medication.

*Id.* at 2–3 (citations omitted). The Court concludes that this is an accurate assessment of the evidence.

In response to Plaintiff's second objection, the Government asserts that "as the Magistrate Judge discussed, the ALJ properly considered Plaintiff's daily activities including driving a motor vehicle and operating a riding lawnmower, which are 'very dynamic task[s] in a changing environment that [are] largely influenced by the driver.'" *Id.* at 2 (citations omitted) (alterations in original). As well, the Court concludes that this is an accurate assessment of the evidence.

Regarding Plaintiff's third objection, the Government argues that the Magistrate Judge and the ALJ accounted for Plaintiff's alleged back pain because both concluded "Plaintiff could perform a reduced range of light work with reaching, postural, and environmental limitations despite his impairments, including degenerative disk disease, and this discussion reveals the ALJ considered the degenerative nature of Plaintiff's impairment." *Id.* at 3 (citations omitted). Again, the Court concludes this is an accurate assessment of the evidence.

Finally, in response to Plaintiff's objection to the ALJ and Magistrate Judge's evaluation of Dr. Bolt's testimony, the Government asserts that, "as the Magistrate Judge discussed, the ALJ appropriately found Dr. Bolt's opinions were not well-supported, they were internally inconsistent, and they were inconsistent with other substantial evidence in the record." *Id.* (citations omitted). Both the ALJ and the Magistrate Judge evaluated this issue in detail, and the Court finds this to be an accurate assessment of Dr. Bolt's opinion.

## ANALYSIS

First, the Court concludes that Plaintiff's objections to the Report are sufficiently specific and properly set out facts for this Court's review. Accordingly, it will evaluate the merits of Plaintiff's four objections. As noted, this Court's review is to determine whether the Magistrate Judge properly concluded that the ALJ's decision as to each contested fact was supported by "substantial evidence." Further, the Court considers whether the Magistrate Judge properly evaluated if the ALJ's

decisions were supported by substantial evidence—applying the applicable law to the factual evidence.

Plaintiff's first objection contests the ALJ's evaluation of the purported side effects of Plaintiff's medication. The Report found the ALJ's evaluation to be supported by substantial evidence, concluding that "the ALJ specifically addressed the plaintiff's limitations in concentration, persistence, and pace," and the impact of Plaintiff's medication on these limitations. ECF No. 16 at 11. The Report noted that any argument as to the side effects of Plaintiff's medication was directly rebutted because (1) "plaintiff has failed to reference treatment records during the relevant period noting the side effects from medication," (2) Plaintiff testified that the medication only made him a "little tired in the evening," and (3) his argument was "not supported by the record." *Id.* at 12. The Report addressed this last point in detail, noting:

> As explained in detail by the ALJ, additional mental RFC limitations to address medication side effects were not supported by the record because the plaintiff continued to drive a motor vehicle and operate a riding lawn mower, which are "very dynamic task[s] in a changing environment that [are] largely influenced by the driver." Indeed, the plaintiff did not indicate in his function reports (or testify at the administrative hearings) that he had to stop driving or using his riding lawn mower secondary to medication side effects. Moreover, other than a reference by Dr. Bolt in his medical source statement regarding medication side effects, evaluated in more detail infra, there are no reports by the plaintiff in the treatment records during the relevant period that he had side effects from his medication. Importantly, Dr. Bolt included passing references to a cognitive impairment caused by the plaintiff's medications in some of the plaintiff's treatment records, but there are no subjective complaints or notations of cognitive difficulties by the plaintiff, no supporting objective findings in Dr. Bolt's records of cognitive difficulties, and no indication that Dr. Bolt instructed the plaintiff to cease certain activities – such as operating a

>motor vehicle or riding lawn mower – because of an alleged cognitive impairment. Furthermore, the plaintiff regularly denied feeling fatigued in the Review of Systems ("ROS") portion of his medical records Due to this, the ALJ found that additional mental RFC limitations were not required to address the plaintiff's medication side effects or issues with concentration, persistence, or maintaining pace.

*Id.* at 12–13 (internal citations removed). Based on this through review of the purported side effects of Plaintiff's medication, the Magistrate Judge found that the ALJ's RFC assessment was supported by substantial evidence. In reviewing the record, the Report, and Plaintiff's objections, the Court finds that the Magistrate Judge properly evaluated whether the ALJ's RFC assessment as relates to Plaintiff's purported medication side effects was supported by substantial evidence. Therefore, Plaintiff's first objection is overruled.

Plaintiff's next objection asserts the Report incorrectly concluded that the ALJ properly relied on evidence of Plaintiff's ability to perform daily activities in support of the ALJ's RFC assessment. As noted in the Report, the ALJ reviewed Plaintiff's daily activities to illustrate that his subjective complaints "concerning the intensity persistence and limiting effects of the symptoms 'were not entirely consistent with the medical evidence and other evidence in the record [.]'" *Id.* at 16. In analyzing the other evidence in the record, the ALJ looked at Plaintiff's daily activities, which were "indicative of a relatively active lifestyle" and thus "inconsistent with the Plaintiff's subjective reports that he could only walk 30 minutes or sit 30 minutes before needing a break." *Id.* at 17. On review, the Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence because, "[a]s recognized by the ALJ, the plaintiff's ability to utilize a

riding lawnmower and a weed eater to take care of multiple yards in the neighborhood was not consistent with the plaintiff's subjective complaints that he could not stand or walk more than 30 minutes in a day – instead, the reported activities were consistent with the RFC set out by the ALJ." *Id.* at 18. In reviewing the record, the Report, and Plaintiff's objections, the Court concludes that the Report properly evaluated the record and whether the ALJ's RFC assessment as relates to Plaintiff's purported medication side effects was supported by substantial evidence. Therefore, Plaintiff's second objection is overruled.

Plaintiff's third objection asserts that the ALJ erred in evaluating the severity of Plaintiff's back pain. Plaintiff asserts that this objection is supported by Dr. Bolt's records and opinion as to the severity of Plaintiff's back pain. The ALJ's concluded that Dr. Bolt's opinion as to the severity of Plaintiff's back pain was contradicted by his own medical records and thus not credible. On review, the Magistrate Judge found that the ALJ's conclusion was supported by substantial evidence. In support of this finding, the Magistrate Judge noted:

> First, Dr. Bolt's 2016 opinion, which notes both that the plaintiff's condition has not changed and that his condition has gotten worse, does appear contradictory – as noted by the ALJ. Further, as outlined below, after noting the internal inconsistency in Dr. Bolt's opinion, the ALJ went on to analyze how the opinion was not supported by Dr. Bolt's treatment records. For example, not addressed by the plaintiff – but recognized by the ALJ – Dr. Bolt (or providers in his office) regularly identified the plaintiff's chronic low back pain as stable, unchanged, and controlled by medications in 2016. Indeed, there are some visits from Dr. Bolt where the review of systems indicated that the plaintiff denied back pain and some where the History of Present Illness portion of the treatment records did not include any reference to low back pain.

*Id.* at 22 (internal citations omitted). The Magistrate Judge further explained that "Dr. Bolt's examination findings were relatively benign – noting full range of motion in the cervical spine (with some increased pain with flexion), back pain only with forward flexion, and 5/5 strength in the bilateral upper extremities." *Id.* Ultimately, the Magistrate Judge concluded that the ALJ's findings regarding the severity of Plaintiff's back pain were supported by substantial evidence because "these relatively benign examination findings did not support the severe restrictions opined by Dr. Bolt." *Id.* at 23. In evaluating Plaintiff's third objection, the Court has thoroughly reviewed the record and concludes that the Report properly found the ALJ's findings related to the severity of Plaintiff's back pain to be supported by substantial evidence.

Plaintiff's final objection asserts the Report incorrectly mirrored the ALJ's alleged improper evaluation of Dr. Bolt's testimony regarding Plaintiff's back pain. In making his disability determination, the ALJ found that Dr. Bolt's opinions were not well-supported, were initially internally inconsistent, and were inconsistent with other substantial evidence of record. *Id.* at 21. In his objections, Plaintiff asserts that Dr. Bolt's opinions regarding Plaintiff's back pain were not internally inconsistent but were instead internally consistent. The crux of this issue revolves around Dr. Bolt's 2016 treating note, wherein he contradictorily opined that Plaintiff's condition had not changed while simultaneously worsening. *Id.* at 22. The ALJ found this to be both inconsistent and internally contradictory. *Id.* Yet, as noted in the Report, the ALJ went further and analyzed how Dr. Bolt's opinion

regarding Plaintiff's condition was not supported by his own treatment records, which, as noted above, regularly identified Plaintiff's back pain to be stable, unchanged, and controlled by medication. *Id.* Moreover, Plaintiff's argument regarding the internal inconsistence of Dr. Bolt's opinions does not acknowledge in detail the ALJ and Magistrate Judge's conclusions noting that *other* record evidence was inconsistent with Dr. Bolt's opinion. *Id.* at 23–25. Accordingly, for the reasons stated, the Court finds that the Report properly concluded that the ALJ's findings regarding the credibility of Dr. Bolt were supported by substantial evidence. Plaintiff's fourth objection is overruled.

In reviewing the record before it, including the ALJ's findings, Plaintiff and the Commissioner's opening briefs, the Report, Plaintiff's objections, and the Commissioner's reply, the Court finds that each of the ALJ's findings and conclusions challenged by Plaintiff are supported by substantial evidence—as correctly recognized by the Magistrate Judge in the Report. There is thus no basis to reject the Report and remand this matter. Accordingly, Plaintiff's four objections are **OVERRULED.**

## CONCLUSION

The ALJ's assessment is to be based on all relevant evidence in the case record. *See* 20 C.F.R. 404.1545(a). Here, the Report properly evaluated the ALJ's decision, which demonstrates compliance with the regulatory scheme and confirms that proper weight, treatment, and consideration was given to the relevant evidence in this case. As fully explained in the Magistrate Judge's extensive Report—which

reviewed the entire record in detail—the Commissioner's determination that Plaintiff was not under a disability as defined by the Social Security Act is supported by substantial evidence. As outlined above, Plaintiff's objections do not raise any persuasive arguments that would cause the Court to reject the Magistrate Judge's thorough and detailed analysis. Accordingly, after careful consideration of the Report, objections thereto, and the record before it, the Court, for the reasons stated, **OVERRULES** Plaintiff's objections, ECF No. 17, and **ACCEPTS** the Report, ECF No. 16. The Commissioner's decision is therefore **AFFIRMED**.

**IT IS SO ORDERED**.

      *s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 19, 2023
Columbia, South Carolina